IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Andrew Ware, | ) C/A No.: 2:15-2418-JMC-MGB |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| Warden of Kershaw Correctional Institution, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

Petitioner, Andrew Ware, a state prisoner in the Kershaw Correctional Institution of the

South Carolina Department of Corrections, has filed this Petition for Writ of Habeas Corpus pro se

and in forma pauperis, pursuant to 28 U.S.C. § 2254. In this Petition, Petitioner seeks to challenge

his 2004 criminal convictions in York County, South Carolina. Petition, ECF No. 1 at 1.

**Standard of Review**

Under established local procedure in this judicial district, a careful review has been made

of the pro se petition filed in the above-captioned case pursuant to the procedural provisions of the

Anti-Terrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 (AEDPA),

and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v.

Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden,

Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); and Todd v. Baskerville, 712 F.2d 70 (4th Cir.

1983). Pro se petitions are also held to a less stringent standard than those drafted by attorneys, and

a federal district court is charged with liberally construing a petition filed by a pro se litigant to

allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980)

(quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th

Cir. 1978) (citing <u>Rice v. Olson</u>, 324 U.S. 786, 791–92 (1945)); <u>Holiday v. Johnston</u>, 313 U.S. 342, 350 (1941)).

Nonetheless, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court;"  Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts; and the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  <u>See</u> <u>Weller v. Dep't of Soc. Servs.</u>, 901 F.2d 387, 391 (4th Cir. 1990).  Such is the case here.

## <u>Discussion</u>

Petitioner states that he is challenging his June 24, 2004 convictions (2003-GS-46-3180 and 2003-GS-46-3182)  in York County, South Carolina for "Possession of Firearm Unlawful Carrying a Pistol Entering a Bank With Intent to Steal Armed Robbery."  ECF No. 1 at 1.  Records from York County indicate that Petitioner was convicted (these records indicate a disposition date of June 25, 2004) in a jury trial of Armed Robbery (2003-GS-46-3180), for which he was sentenced to twenty years imprisonment (concurrent); Bank Robbery (2003-GS-46-3181), for which he was sentenced to thirty years; and Possession of a Weapon During a Violent Crime (2003-GS-46-03182), for which

he was sentenced to five years (concurrent).[1]  See York County Sixteenth Judicial Circuit Public Index, http://publicindex.sccourts.org/York/PublicIndex/CaseDetails.aspx?County=46&CourtAgency=46001&Casenum=G272630&CaseType=C(last visited July 19, 2015) [Armed Robbery]; http://publicindex.sccourts.org/York/PublicIndex/CaseDetails.aspx?County=46&CourtAgency=46001&Casenum=G272631&CaseType=C (last visited July 19, 2015)[Bank Robbery]; http://publicindex.sccourts.org/York/PublicIndex/CaseDetails.aspx?County=46&CourtAgency=46001&Casenum=G272632&CaseType=C (last visited July 19, 2015)[Possession of a Weapon During a Violent Crime].  Petitioner seeks to have his sentences vacated, claiming ineffective assistance of trial counsel.  ECF No. 1 at 5, 15.

Petitioner previously filed a § 2254 petition in this Court on September 16, 2013.[2]  In the prior petition, he challenged his June 25, 2004 criminal convictions (2003-GS-46-3181, 2003-GS-46-3180, and 2003-GS-46-3182) for armed robbery, entering a bank with the intent to steal, and possession of a firearm during the commission of a violent crime.  In an order dated July 8, 2014, the Honorable J. Michelle Childs, United States District Judge, dismissed the petition with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for the petitioner's failure to prosecute and for

---

[1]The Court may take judicial notice of factual information located in postings on government web sites.  See Tisdale v. South Carolina Highway Patrol, C/A No. 0:09–1009–HFF–PJG, 2009 WL 1491409, *1 n. 1 (D.S.C. May 27, 2009), aff'd 347 F. App'x 965 (4th Cir. Aug. 27, 2009); In re Katrina Canal Breaches Consolidated Litigation, No. 05–4182, 2008 WL 4185869 at * 2 (E.D.La. September 8, 2008)(noting that courts may take judicial notice of governmental websites including other courts' records); Williams v. Long, 585 F.Supp.2d 679, 687–88 (D.Md. 2008) (noting that some courts have found postings on government web sites as inherently authentic or self-authenticating).

[2]A federal court may take judicial notice of the contents of its own records.  See Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970).

3

failure to comply with this court's orders. See Ware v. Cartledge, C/A No. 2:13-2511-JMC (D.S.C.).

Based on the foregoing, the Petition filed in this case should be summarily dismissed because it is successive and there is no indication that Petitioner requested and received permission from the United States Fourth Circuit Court of Appeals before he submitted it to this Court. See Slack v. McDaniel, 529 U.S. 473, 485-89 (2000) (to qualify as a "successive" petition, prior petition must have been adjudicated on the merits).[3]   "It is well settled that habeas corpus petitions submitted subsequent to a dismissal of a previous petition with prejudice for lack of prosecution will be considered successive." Fishburne v. McCall, C/A No. 8:13–2453–TMC, 2013 WL 5797673 (D.S.C. Oct. 28, 2013); see also Fed.R.Civ.P. 41(b)(unless otherwise specifically stated, dismissal for failure to prosecute is with prejudice); Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 228 (1995) ("The rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state a claim, for failure to prove substantive liability, or for failure to prosecute: as a judgment on the merits.").

Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus (or the equivalent thereof) without first receiving permission to do so from the appropriate circuit court of appeals,[4] and the "gatekeeping" mechanism of 28 U.S.C. § 2244(b)(3)(A)

---

[3]The issue of successiveness of a habeas petition may be raised by the court sua sponte. Rodriguez v. Johnson, 104 F.3d 694, 697 (5th Cir. 1997); Latimer v. Warden, No. 6:10-721-JFA-WMC, 2010 WL 2720964 (D.S.C. April 14, 2010), adopted, 2010 WL 2720912 (D.S.C. July 08, 2010).

[4]A petitioner may be able to present a claim for the first time in a successive habeas petition where the claim relies on a new rule of constitutional law, see 28 U.S.C. § 2244(b)(2)(A), or, if the claim is based on newly discovered evidence, where the petitioner can make a prima facie showing
(continued...)

provides that, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.[5] See In re Williams, 364 F.3d 235, 238 (4th Cir. 2004) (the "initial determination of whether a claim satisfies" the requirements of § 2244(b)(2) "must be made by a court of appeals"); In re Fowlkes, 326 F.3d 542, 544 (4th Cir. 2003) ("Since Fowlkes has previously filed a section 2254 motion, he may only file a successive section 2254 motion if he receives authorization from this court [the Fourth Circuit Court of Appeals] under the standard established in section 2244(b)(3)(C)."); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization [from the court of appeals], the district court lacks jurisdiction to consider an application containing abusive or repetitive claims."). Here, there is no indication that Petitioner received permission from the Fourth Circuit Court of Appeals before filing the present Petition. Consequently, this Court has no jurisdiction to consider the instant Petition. See Id. at 205.

---

[4](...continued)
of both cause and prejudice within the meaning of § 2244(b)(2)(B)(i) and § 2244(b)(2)(B)(ii). See Evans v. Smith, 220 F.3d 306, 323 (4th Cir. 2000). Even if a petitioner's grounds for relief satisfy these strict requirements, however, the Fourth Circuit is the proper tribunal to make that decision when authorization is requested, not the district court. A petitioner in this district can obtain the necessary forms for filing a motion for such authorization from the Clerk of Court's Office of the United States Court of Appeals for the Fourth Circuit, 1100 East Main Street, Suite 501, Richmond, Virginia 23219. "The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E).

[5]Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts reiterates this requirement, stating that "[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals, authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."

**<u>Recommendation</u>**

Based on the foregoing, it is recommended that the instant Petition for a Writ of Habeas Corpus be summarily dismissed without prejudice and without requiring Respondent to file a return. <u>See</u> <u>Eriline Co. S.A. v. Johnson</u>, 440 F.3d 648, 656 (4th Cir. 2006) (district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent).

Petitioner's attention is directed to the important notice on the next page.

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

July 20, 2015
Charleston, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).